# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT RAY ASHER et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PACIFIC LEGENDS WEST CONDOMINIUM ) <br> ASSOCIATION et al., ) <br> ) <br> Defendants. ) | 2:08-cv-00914-RCJ-RJJ <br><br> **ORDER** |

This case arises out of an alleged arrest without probable cause. Defendants have filed five Motions in Limine (ECF Nos. 87–91). For the reasons given herein, the Court grants Motion No. 88, grants Motion No. 91 in part and denies it in part, and denies the remaining Motions.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiffs Scott Ray Asher and Kimberly Dawn Asher filed a six-count Complaint in state court on July 1, 2008. (*See* Compl., July 1, 2008, ECF No. 1, at 5). Plaintiffs alleged that during a press conference held by Defendants Karen Weber and Tammy Ernst concerning a mail room burglary, they identified Scott Asher to the press as the burglar, based only upon their having seen a poor-quality surveillance video of the burglary, and that the responding officers arrested him and searched his apartment without probable cause. (*See id.* ¶¶ 11–17).

Defendants removed. Three groups of Defendants separately moved for summary judgment: (1) Las Vegas Metropolitan Police Department ("LVMPD") and Officers Orth,

McGhie and Destito (collectively, "LVMPD Defendants"); (2) Weber and Ernst; and (3) Pacific Legends West Condominium Association ("Pacific Legends"). The Court granted LVMPD Defendant's motion in all respects. The Court granted Ernst and Weber's and Pacific Legends' motions, except as to the defamation claim as to statements made to persons other than the police. Before appeal, Plaintiffs stipulated to dismissal with prejudice as against Ernst, Weber, and Pacific Legends. The Court of Appeals affirmed except as to the fifth claim for a Fourth Amendment violation against the individual Officers pursuant to 42 U.S.C. § 1983,[1] which claim it remanded for trial. Those Defendants have now filed five Motions in Limine (ECF Nos. 87–91).

## II.     LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." *Black's Law Dictionary* 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d

---

[1] The nominal sixth claim for attorney's fees under § 1988 is not a separate cause of action.

663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are provisional.  Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III. ANALYSIS

#### A. Motion in Limine No. 87

Defendants ask the Court to exclude as irrelevant any photographs or blow-ups of those photographs that were not available to Defendants at the time they made the arrest.  Defendants note that Officers McGhie and Destito made the arrest having viewed the surveillance video but not any photographs taken of Scott Asher in the mail room during the press conference and not any blow-up still frames of the surveillance video.  Defendants note that Plaintiffs have provided the latter two kinds of evidence in discovery and appear to be prepared to present that evidence to

1  support their position that there was no probable cause to believe Asher was the burglar.

2        Defendants are correct that probable cause is based upon information available to the
3  arresting officers. However, it is possible that Plaintiffs will be able to show at trial that
4  Defendants had access to the photographs taken in the mail room during the press conference or
5  the surveillance video blow-ups before the arrest. If they can provide a foundation for this, the
6  evidence may be admissible. If not, it will be irrelevant. The Court will not exclude the
7  evidence unconditionally at this time.

8        **B.**    **Motion in Limine No. 88**

9        Defendants ask the Court to exclude certain hearsay made by an FBI agent and a USPS
10 investigator while in Plaintiffs' apartment after Scott Asher's arrest. Scott Asher claims to have
11 heard the unidentified FBI agent state, "Are you kidding me? I am not charging this guy with
12 anything," and to have heard the unidentified USPS investigator state, "I think there is a shot
13 you've got the wrong guy here." Defendants dispute that any such statements were made but ask
14 the Court to exclude them as inadmissible hearsay and for failure to identify the declarants. The
15 Court excludes the evidence as irrelevant. The personal opinion of a third person, whether before
16 or after an arrest, has no bearing on whether probable cause in fact existed.

17       Plaintiff responds that this Court previously ruled that the statements of the FBI and
18 postal agents were admissible for the effect they had on the arresting officers. That may have
19 been true when certain state law claims, such as defamation and false imprisonment, were still
20 pending. Now that the only remaining claim is the § 1983 claim for an arrest without probable
21 cause, the statements are clearly irrelevant. Those statements can have had no effect on probable
22 cause, because the arrest was made before the statements were heard.

23       Plaintiff also notes that the Ninth Circuit stated that the officers did not have probable
24 cause to arrest him, arguing that the jury should be directed to enter a verdict for Plaintiff on the
25 probable cause issue. But the only issue on appeal was this Court's grant of summary judgment

to Defendants. Plaintiff never moved for offensive summary judgment. Defendants therefore retain their Seventh Amendment right to a jury trial on the issue.

### C.     Motion in Limine No. 89

Defendants ask the Court to exclude evidence of unrelated police misconduct. Defendants note that LVMPD is often sued for alleged wrongdoing but that such evidence is irrelevant to a determination of probable cause in the present case. Defendants are, of course, correct but identify no particular piece of evidence to exclude at this time. The present motion is therefore not a proper motion in limine but an unnecessary request for the Court to follow the evidence rules generally. The Court will therefore deny the present motion.

### D.     Motion in Limine No. 90

Defendants ask the Court to "establish the remaining Plainitff(s) and claims." This is not a proper motion in limine. As noted, *supra*, the only Plaintiff remaining appears to be Scott Asher, the Officers are the only remaining Defendants, and the § 1983 Fourth Amendment unconstitutional seizure (for lack of probable cause) claim is the only remaining claim. The parties may further argue this at the pretrial conference if necessary.

### E.     Motion in Limine No. 91

Defendants ask the Court to exclude any evidence of Scott Asher's damages not arising out of the allegedly unconstitutional arrest. That is, they ask the Court to exclude evidence of lost wages or future income, damages incurred by Kimberly Asher, and damages caused by Pacific Legends. The Court grants the motion in part. Damages incurred by Kimberly Asher or caused by Pacific Legends are no longer at issue. However, the Court will not unconditionally exclude evidence of lost wages or future income if Scott Asher can prove those damages were caused by an unconstitutional arrest. Scott Asher alleges lost wages of $58,750 and lost future income of $1,551,000. He will have to prove those damages, but it is for the jury whether those damages exist and whether they flow from an unconstitutional seizure. Defendants argue that

Scott Asher missed no shifts at his job and was not terminated due to the arrest. Defendants also argue that Scott Asher lost his professional license (table games dealer) because he lied on his renewal application that he had never been arrested, not simply because he was arrested. But these are facts to be determined at trial. The time for summary judgment motions has passed.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 87) is DENIED.

IT IS FURTHER ORDERED that the Motion in Limine (ECF No. 88) is GRANTED.

IT IS FURTHER ORDERED that the Motion in Limine (ECF No. 89) is DENIED.

IT IS FURTHER ORDERED that the Motion in Limine (ECF No. 90) is DENIED.

IT IS FURTHER ORDERED that the Motion in Limine (ECF No. 91) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated this 24th day of January, 2013.

_____
ROBERT C. JONES
United States District Judge