UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT RAY ASHER et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> PACIFIC LEGENDS WEST CONDOMINIUM ) <br> ASSOCIATION et al., ) <br> ) <br> Defendants. ) | 2:08-cv-00914-RCJ-NJK <br><br> **ORDER** |

This case arises out of an alleged arrest without probable cause. Pending before the Court is a Motion for Attorney's Fees (ECF No. 128). For the reasons given herein, the Court denies the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs Scott Ray Asher and Kimberly Dawn Asher filed a six-count Complaint in state court on July 1, 2008. (*See* Compl., July 1, 2008, ECF No. 1, at 5). Plaintiffs alleged that during a press conference held by Defendants Karen Weber and Tammy Ernst concerning a mail room burglary, they identified Scott Asher to the press as the burglar, based only upon their having seen a poor-quality surveillance video of the burglary, and that the responding officers arrested him and searched his apartment without probable cause. (*See id.* ¶¶ 11–17).

Defendants removed. Three groups of Defendants separately moved for summary judgment: (1) Las Vegas Metropolitan Police Department ("LVMPD") and Officers Orth, McGhie and Destito (collectively, "LVMPD Defendants"); (2) Weber and Ernst; and (3) Pacific

Legends West Condominium Association ("Pacific Legends"). The Court granted LVMPD Defendant's motion in all respects. The Court granted Ernst and Weber's and Pacific Legends' motions, except as to the defamation claim as to statements made to persons other than the police. Before appeal, Plaintiffs stipulated to dismissal with prejudice as against Ernst, Weber, and Pacific Legends. The Court of Appeals affirmed except as to the fifth claim for a Fourth Amendment violation against the individual Officers pursuant to 42 U.S.C. § 1983, which claim it remanded for trial. A jury rendered a verdict for Defendants. Defendants have moved for attorney's fees.

## II.     LEGAL STANDARDS

### A.     42 U.S.C. § 1988

Any "prevailing party" in a § 1983 case may move for reasonable attorney's fees as part of its costs. 42 U.S.C. §§ 1988(b), 2000e–5(k). A § 1983 defendant, however, may only recover fees directly traceable to the defense of claims that are "frivolous." *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011). "A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.'" *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (quoting *McConnell v. Critchlow*, 661 F .2d 116, 118 (9th Cir. 1981) (citation omitted)) (alteration in original). Costs other than attorney's fees should be awarded to a prevailing party upon motion. Fed. R. Civ. P. 54(d)(1).

### B.     Nevada Revised Statutes Section

This statute is analogous to Federal Rule 11, although the statute applies only against parties, not against attorneys:

> In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party . . . [w]ithout regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought or maintained without reasonable ground or to harass the prevailing party. The court shall liberally construe the provisions of this paragraph in favor of awarding attorney's fees in all appropriate situations. It is the intent of the Legislature that the

     court award attorney's fees pursuant to this paragraph and impose sanctions pursuant to Rule 11 of the Nevada Rules of Civil Procedure in all appropriate situations to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public.

Nev. Rev. Stat. § 18.010(2), (2)(b). Federal Rule 11 (which imposes penalties on attorneys or pro se parties) does not conflict with NRS section 18.010 (which imposes penalties on represented parties). *See Chamberlain v. Giampapa*, 210 F.3d 154, 160 n.5 (3d Cir. 2000) (citing *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523 (10th Cir. 1996)). Defendants may therefore maintain the present motion under NRS section 18.010 against Plaintiffs, but not against Plaintiffs' counsel.

### III.  ANALYSIS

     The Court denies fees. First, it is clear that the Fourth Amendment claims were not frivolous so as to support fees under § 1988, as the Court of Appeals reversed summary judgment and remanded for trial. Second, although the Court of Appeals affirmed summary judgment against the state law claims, the Court finds that they were not frivolous or groundless under the state statute. Fees are permitted under section NRS 18.010 where "the claim . . . was brought or maintained without reasonable ground or to harass . . . ." Nev. Rev. Stat. § 18.010(2)(b). The Court finds that the state law claims were not brought without reasonable ground. The failed state law claims did not meaningfully enlarge the proceedings, and the omission of those claims in the Complaint would not have prevented the expenses incurred defending the non-frivolous federal claims.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Attorney's Fees (ECF No. 128) is DENIED.

IT IS SO ORDERED.

Dated this 6th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge